Matthew C. Helland, CA State Bar No. 250451
helland@nka.com
Daniel S. Brome, CA State Bar No. 278915
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA  94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Austin Kaplan, TX State Bar No. 24072176
akaplan@kaplanlawatx.com
Kaplan Law Firm, PLLC
406 Sterzing St.
Austin, TX 78704
Telephone: (512) 553-9390
Facsimile: (512) 692-2788
*Pro hac vice application forthcoming

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tag Brown, individually and on behalf of all others similarly situated,<br><br>                                  Plaintiff,<br><br>        v.<br><br>Quantcast Corp.,<br><br>                                  Defendant. | **Case No.: 3:19-cv-05773**<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**(1) Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*)**<br><br>**(2) Violation of California Business and Professions Code §§ 17200 *et seq.*** |

**PRELIMINARY STATEMENT**

1.      This is a class and collective action brought by Plaintiff Tag Brown ("Plaintiff"), on behalf of himself and all others similarly situated. Plaintiff and those similarly situated are or were employed by Defendant Quantcast Corp. ("Quantcast" or "Defendant"), as Inside Sales Representatives and were denied proper compensation as required by federal wage and hour laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2.      The FLSA Collective is made up of all inside sales employees (including Sales Development Representatives, Account Executives, Sales Executives, Account Managers, Field Account Managers, Client/Customer Relationship Specialists, or other positions with similar job titles and/or duties) ("Inside Sales Representative") who work or have worked for Quantcast anytime from three years prior to the filing of this action to the present (the "Collective Period").

3.      The California Class is made up of all persons who have been employed by Defendant as Inside Sales Representatives (including Sales Development Representatives, Account Executives, Sales Executives, Account Managers, Field Account Managers, Client/Customer Relationship Specialists, or other positions with similar job titles and/or duties) who worked or work for Quantcast in California anytime from four years prior to the filing of this action to the present (the "Class Period").

4.      During the Class and Collective Periods, Defendant failed to pay overtime compensation to Plaintiff and each member of the putative class and the FLSA Collective as required by state and federal law.  Plaintiff seeks relief for the California Class under California's unfair competition law for violations of wage and hour law, and for the FLSA Collective under the FLSA, to remedy Defendant's failure to pay appropriate overtime compensation, to provide meal periods, to pay waiting time penalties, and to provide accurate wage statements.

**JURISDICTION AND VENUE**

5.      This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201 *et seq*.  Plaintiff's signed consent form to join this lawsuit is attached as **Exhibit A**. As this

-2-

case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs. The Court has supplemental jurisdiction over the California claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391 because Defendant has its principal place of business in San Francisco, California, and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7.      Pursuant to L.R. 3-2(c) and (d), this action is properly assigned to the San Francisco / Oakland Division of the Northern District of California because a substantial portion of the events giving rise to the dispute occurred in San Francisco County.

**PARTIES**

8.      Plaintiff Tag Brown is an adult resident of Austin, Texas.

9.      Plaintiff was employed by Defendant from approximately July 2014 to approximately September 28, 2018. Plaintiff first worked for Defendant in San Francisco; in approximately October 2015, Plaintiff then transferred to Defendant's Austin, Texas office for the remainder of his employment. During the first part of his employment, until approximately December 28, 2014, Plaintiff worked for Defendant as a non-exempt contract employee.

10.     At all relevant times, Plaintiff was Defendant's employee as defined by the FLSA, 29 U.S.C. § 203(e)(1) and relevant state law.

11.     Defendant Quantcast Corp. is a Delaware corporation that does business in more than 20 offices worldwide. According to the California Secretary of State, and Defendant's own website, Quantcast's headquarters is located on 795 Folsom St, 5th Floor, San Francisco, CA 94107.

12.     Defendant was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), (g).

**FACTUAL ALLEGATIONS**

13.     Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

14.     Quantcast is a website analytics company. According to its website, Quantcast specializes in providing Artificial-Intelligence-driven real-time advertising, audience insight, and

-3-

measurement services, targeted toward marketers and advertisers. Quantcast provides products designed to help its customers track a user's activities on a website, such as by monitoring pages visited, minutes per page, and interaction with each page, in order to extract usage data about the user's online activity on a particular website, and to build predictive models about the users. Quantcast then sells reports of website activity to marketers and advertisers to accurately understand their audiences.

15.    Quantcast regularly receives compensation from its clients for these services that are delivered across state lines.

16.    Plaintiff Brown worked for Quantcast as a Sales Development Representative, Senior Sales Development Representative, and as Client Relationship Specialist (functioning as an Account Manager). In all these roles, Plaintiff's primary duty was to sell Defendant's website analytics products.

17.    As a Sales Associate and Sales Development Team Lead, Plaintiff was responsible for selling Defendant's products to potential new customers. As an Account Manager, Plaintiff was responsible for re-selling Defendant's products to existing customers and retaining their business.

18.    Quantcast employs numerous Inside Sales Representatives who also sell Quantcast's products to its clients, conduct outreach to and onboard new clients, from inside Quantcast's offices.

19.    When Plaintiff Brown worked in Defendant's San Francisco, California office, he regularly worked over eight (8) hours in a day and/or over forty (40) hours in a week, but was not paid overtime premiums for those hours.

20.    On average, Plaintiff worked approximately 45-50 hours per week. Defendant put pressure on Plaintiff and other Inside Sales Representatives to be responsive to potential customers, make frequent contact with customers, and meet sales goals, which led to frequent overtime work. Some weeks entailed even more overtime work. For example, during the final week of November/ first week of December 2017, Plaintiff recalls client communications coming in between 8:00am and 8:00pm Monday to Friday. Plaintiff and other Inside Sales Representatives were required to be available and promptly responsive to these requests, and then to enter data into the system as soon

as possible, and promptly perform necessary follow up work. As a result, Plaintiff estimates that he worked approximately 60 hours the week of November 27, 2017.

21.     When Plaintiff Brown and other Inside Sales Representatives worked at Defendant's headquarters in San Francisco, California, they did not regularly receive wage statements showing all hours worked or all rates of pay in the applicable pay period.

22.     When Plaintiff Brown and other Inside Sales Representatives worked at Defendant's headquarters in San Francisco, California, they did not receive uninterrupted thirty (30) minute meal periods. Because of the pressure to promptly respond to clients and potential clients, Plaintiff and other Inside Sales Representatives regularly ate at their desks while working. Plaintiff estimates he was only able to take a meal period on roughly half of his work days.

23.     At all times material, Plaintiff and other Inside Sales Representatives were engaged in commerce or in the production of goods for commerce as defined by Section 207(a)(1) of the FLSA.

24.      At all times material, Quantcast has qualified as an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, and had annual gross volume of sales which exceeded $500,000.00.

25.     The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Quantcast.

26.     Plaintiff and those similarly situated were classified as exempt from FLSA's overtime requirements and paid a salary plus commissions. Plaintiff and other Inside Sales Representatives employed by Quantcast during the last three years regularly worked more than forty (40) hours in a workweek without receiving proper overtime compensation.  During these weeks, Quantcast did not provide Plaintiff or other Inside Sales Representatives with overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over 40 during those workweeks.

27.     Plaintiff and other inside salespersons who worked for Defendant were not required to keep timesheets.  As a result, Defendant failed to maintain and keep time records for Plaintiff and those similarly situated.

28.     Defendant knew Plaintiff and other Inside Sales Representatives worked overtime without proper compensation, and it willfully failed and refused to pay Plaintiff and the similarly situated Inside Sales Representatives overtime wages at the required rates. Furthermore, Federal courts and the U.S. Department of Labor have consistently held that inside salespersons are entitled to overtime wages.  Quantcast had a duty to investigate and research its obligations under the FLSA.

29.     Plaintiff is not aware of any policy of providing Plaintiff with thirty (30) minute uninterrupted meal periods during their shifts. Rather, Plaintiff often worked through his shifts without a break. Plaintiff and other inside sales representatives regularly continued working while they ate. Plaintiff is not aware of any policy of providing a second meal period when Plaintiff worked more than ten (10) hours.

30.     Defendant did not keep accurate records of the hours Plaintiff and other Inside Sales Representatives worked. Defendant did not track whether Plaintiff and other Inside Sales Representatives took meal periods.

31.     Defendant did not track the hours worked by Plaintiff or other Inside Sales Representatives, so wage statements provided to Plaintiff and other Inside Sales Representatives did not accurately reflect the hours worked or the hourly rates paid.

32.     Plaintiff Brown's employment ended approximately September 28, 2018. At the time his employment ended, Defendant did not pay all wages due to Plaintiff Brown.

33.     Other members of the California Class have also left their employment with Defendant.

34.     Because Defendant did not pay Plaintiff and other Inside Sales Representatives for overtime, Defendant did not provide Plaintiff and other Inside Sales Representatives all wages owed at the time they were no longer employed by Defendant. Defendant's policy and practice of not paying overtime to Plaintiff or other Inside Sales Representatives meant Defendant never paid Inside Sales Representatives all wages due at the time of discharge.

35.     Defendant is aware of wage and hour laws, and its unlawful conduct has been widespread, repeated, and consistent.

36.     Defendant's conduct, as set forth in this Complaint, was willful and in bad faith. Defendant operated under a scheme that has caused significant damages to Plaintiff and the similarly situated individuals.

## COLLECTIVE ACTION ALLEGATIONS

37.     Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

38.     Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b).  Plaintiff and the similarly situated individuals work(ed) as Inside Sales Representatives for Defendant.  The proposed collective is defined as follows:

> All persons who worked for Defendant as inside sales employees (including Sales Development Representatives, Account Executives, Sales Executives, Account Managers, Field Account Managers, Client/Customer Relationship Specialists, or other positions with similar job titles and/or duties) who work or have worked for Quantcast anytime from three years prior to the filing of this action to the present.

39.     Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b) and his consent form is submitted concurrently as Exhibit A.  As this case proceeds, it is likely that additional individuals will file consent forms and join as "opt-in" plaintiffs.

40.     Plaintiff and the putative FLSA Collective are or were employed by Defendant within the meaning of the FLSA.

41.     Defendant paid Plaintiff and the FLSA Collective a salary and commissions, and classified them as exempt employees.

42.     Defendant improperly classified Plaintiff and the FLSA Collective as exempt from the FLSA's overtime pay requirements.

43.     Plaintiff and the FLSA Collective routinely worked over forty (40) hours in a workweek and were not compensated by Defendant with overtime pay for the overtime hours they worked.

44.     Defendant was both aware of and required this overtime work.  Specifically, Defendant encouraged Plaintiff and members of the FLSA Collective to work long hours and on weekends in order to meet sales goals.

45.     Defendant is and was aware that Plaintiff and the FLSA Collective worked under these conditions.  Despite that knowledge, Defendant denied them overtime compensation.

46.     Defendant uniformly misrepresented to Plaintiff and the FLSA Collective that they were exempt employees and therefore ineligible to receive overtime pay.  In reality, Plaintiff and the FLSA Collective are, and were, non-exempt employees and therefore eligible to receive overtime pay.  For example, Plaintiff and the FLSA Collective performed inside sales work for Defendant. This entailed selling Defendant's website analytics products to Defendant's customers, resolving issues with Defendant's customers, and onboarding new customers for Defendant's products from inside Defendant's offices.  Plaintiff and the FLSA Collective did not have the authority to determine what products were offered or what price would be charged.  The relevant job duties of Plaintiff and the FLSA Collective were substantially similar, regardless of their specific job title, office location, supervisor, or assigned sales territory.

47.     Defendant's unlawful conduct is widespread, repetitious, and consistent, affecting Plaintiff and the FLSA Collective.

48.     Defendant's conduct is willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective.  Defendant is and was aware that Plaintiff and the FLSA Collective performed non-exempt work that required overtime pay.

49.     Defendant is and was aware of the FLSA's requirements.

50.     Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective.

51.     Notice of this action should be sent to the FLSA Collective.  There are numerous similarly situated current and former employees of Defendant who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case.  Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

//

//

//

## STATE LAW CLASS ACTION ALLEGATIONS

52.     Plaintiff Brown, as the Representative Plaintiff for the California Class, brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined California Class:

> All persons who have been employed by Defendant as Inside Sales Representatives (including Sales Development Representatives, Account Executives, Sales Executives, Account Managers, Field Account Managers, Client/Customer Relationship Specialists, or other positions with similar job titles and/or duties) who worked or work for Quantcast in California anytime from four years prior to the filing of this action to the present

53.     <u>Numerosity</u>:     Upon information and belief, the Class is so numerous that joinder of all members is impracticable.  Upon information and belief, during the relevant time period, Defendant employed over 50 people who satisfy the definition of the proposed Class.

54.     <u>Typicality</u>:     The Representative Plaintiff's claims are typical of the members of the California Class.  Plaintiff is informed and believes that, like other inside sales representatives, he routinely worked more than forty hours per week, and more than eight hours per day, during the California Class Periods.  The Representative Plaintiff had the same duties and responsibilities as other Class members.  The Representative Plaintiff and the California Class were subject to Defendant's policy and practice of improperly classifying inside sales representatives as "exempt" from federal and state wage and hour laws, failing to pay appropriate overtime compensation, failing to pay waiting time penalties, failing to provide meal breaks, and failing to maintain accurate records of hours worked.

55.     <u>Superiority</u>:     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants.

56.     <u>Adequacy</u>:     The Representative Plaintiff will fairly and adequately protect the interests of the Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

57.    Commonality: Common questions of law and fact exist to all members of the Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

      a.   Whether Defendant improperly treated Plaintiff and the members of the California Class as exempt from California's overtime requirements;

      b.   Whether Defendant paid appropriate overtime compensation to the California Representative Plaintiff and the members of the California Class as required by California Labor Code §§ 510 and 1194, California Industrial Wage Order No. 4 (8 C.C.R. § 11040), and the FLSA;

      c.   Whether the Defendant paid all wages due upon separation to California Representative Plaintiff and the members of the California Class who are no longer employed by Defendant as required by California Labor Code §§ 201 – 202 and/or paid waiting time penalties pursuant to California Labor Code § 203;

      d.   Whether Defendant's policies and practices provide and/or authorize meal periods;

      e.   Whether Defendant's conduct violated the California Unfair Practices Act set forth in the Business and Professions Code § 17200 *et seq*. by violating the state and federal laws as set forth herein;

      f.   The proper measure of damages sustained by the California Representative Plaintiff and the California Class; and

      g.   Whether Defendant's actions were "willful" and/or "knowing and intentional."

58.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

59.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the California Class predominate over any questions only

affecting individual members of the California Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the members of the California Class the overtime pay to which they are entitled. The damages suffered by the individual Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

60.     Plaintiff intends to send notice to all members of the California Class to the extent required by Rule 23. The names and addresses of the members of the California Class are available from Defendant.

**FIRST CLAIM FOR RELIEF**

**FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME**

(On Behalf of Plaintiff and the FLSA Collective)

61.     Plaintiff, individually and on behalf of the FLSA Collective, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

62.     The FLSA requires covered employers to pay non-exempt employees no less than one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207.

63.     Defendant Quantcast Corp. is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of the FLSA, § 203(b), (s)(1).

64.     Plaintiff and the FLSA Collective are non-exempt covered employees. 29 U.S.C. § 203(e)(1).

65.     Plaintiff and the FLSA Collective have worked more than forty hours (40) per week for Defendant during the applicable time period.

66.     Defendant has not properly compensated Plaintiff or the FLSA Collective for their overtime hours as required by the FLSA.

67.     Defendant failed to make a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiff and the FLSA Collective.

-11-

68.     Defendant knew Plaintiff and the FLSA Collective worked overtime without proper compensation, and it willfully failed and refused to pay Plaintiff and the FLSA Collective wages at the required overtime rates.  *See* 29 U.S.C. § 255.

69.     Defendant's willful failure and refusal to pay Plaintiff and the FLSA Collective overtime wages for time worked violates FLSA. 29 U.S.C. § 207.

70.     By failing to record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, Defendant failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA, 29 U.S.C. §255(a).

71.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

72.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective has suffered and will continue to suffer a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

## SECOND CLAIM FOR RELIEF

## CALIFORNIA UNFAIR COMPETITION LAW

### Cal. Bus. & Prof. Code §§ 17200 *et seq.*

(On Behalf of the California Representative Plaintiff and the California Class)

73.     Plaintiff and the California Class allege and incorporate by reference the allegations in the preceding paragraphs.

74.     The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq*. The UCL prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

75.     Beginning at a date unknown to the California Representative Plaintiff, but at least as long ago as the year 2013, Defendant committed acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein.  Defendant's conduct as herein alleged has injured the California Representative Plaintiff and the California

-12-

1    Class by wrongfully denying them earned wages, and therefore was substantially injurious to

2    Plaintiff and the California Class.

3         76.    Defendant engaged in unfair competition in violation of the UCL by violating, *inter*

4    *alia*, each of the following laws.  Each of these violations constitutes an independent and separate

5    violation of the UCL:

6              A.    Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*;

7              B.    California Labor Code §§ 510 & 1194; and

8              C.    California Labor Code §§ 226.7 & 512.

9         77.    Defendant's course of conduct, acts, and practices in violation of the California laws

10   mentioned in the above paragraph constitute a separate and independent violation of the UCL.

11   Defendant's conduct described herein violates the policy or spirit of such laws or otherwise

12   significantly threatens or harms competition.

13        78.    The harm to the California Representative Plaintiff and the California Class in being

14   wrongfully denied lawfully earned wages outweighed the utility, if any, of Defendant's policies or

15   practices and therefore, Defendant's actions described herein constitute an unfair business practice

16   or act within the meaning of the UCL.

17        79.    Pursuant to Business and Professions Code § 17200 *et seq.*, the California

18   Representative Plaintiff and the California Class are entitled to restitution of the overtime earnings

19   and other unpaid wages alleged herein that were withheld and retained by Defendant during a period

20   that commences four years prior to the filing of this action, an award of attorneys' fees pursuant to

21   Code of Civil Procedure § 1021.5 and other applicable law, and costs.

22                             **PRAYER FOR RELIEF**

23        **WHEREFORE,** Plaintiff, individually and on behalf of the FLSA Collective, pray for

24   relief as follows:

25        a.    Designation of this action as a collective action on behalf of Plaintiff and those

26   similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly

27   situated apprising them of the pendency of this action, and permitting them to assert timely FLSA

28   claims by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

-13-

b.      Judgment that Plaintiff and the FLSA Collective are non-exempt employees entitled to protection under the FLSA;

c.      Judgment against Defendant for violations of the overtime provisions of the FLSA;

d.      Judgment against Defendant for an amount equal to Plaintiff's and the FLSA Collective's unpaid back wages at the applicable overtime rates;

e.      A finding that Defendant's violations of the FLSA are willful;

f.      An amount equal to Plaintiff's and the FLSA Collective's damages as liquidated damages;

g.      All costs and attorneys' fees incurred prosecuting this claim;

h.      An award of any pre- and post-judgment interest;

i.      For such other and further relief, in law or equity, as this Court may deem appropriate and just.

**WHEREFORE**, the California Representative Plaintiff, on behalf of himself, and all members of the California Class, and on behalf of the general public, pray for relief as follows:

a.      Restitution of unpaid overtime wages, other due wages, and unpaid meal premiums pursuant to California law;

b.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c.      Designation of the California Representative Plaintiff as representative of the California Class and counsel of record as Class Counsel;

d.      Appropriate equitable relief to remedy Defendant's violations of state law;

e.      An award of damages and restitution to be paid by Defendant's according to proof;

f.      Attorneys' fees and costs of suit, including expert fees pursuant to California Code of Civil Procedure § 1021.5;

//

//

//

//

1       g.       Pre-judgment and post-judgment interest, as provided by law;

2       h.       Such other equitable relief as the Court may deem just and proper.

3

4   Dated:   September  13, 2019              **NICHOLS KASTER, LLP**

5                                   By:      /s/ Daniel S. Brome
                                            Daniel S. Brome

6
                                            ATTORNEYS FOR PLAINTIFF AND THE
7                                           PUTATIVE COLLECTIVE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS AND COLLECTIVE ACTION COMPLAINT

# EXHIBIT A

# QUANTCAST CORPORATION
# PLAINTIFF CONSENT FORM

1.  I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* against my current/former employer, Quantcast Corporation ("Quantcast"), and any other related entities or affiliates, to recover overtime pay.

2.  During the past three years, there were times when I worked over 40 hours per week for Quantcast as a Sales Development Representative, Account Executive, Sales Executive, Account Manager, Client/Customer Relationship Specialist, or similar job title, and did not receive compensation for my overtime hours worked.

3.  If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims against Quantcast and any other related entities or affiliates.

4.  I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling this matter.

Date:  08/09/2019

Signature

Tag Brown

Print Name

**Information Below Will Be Redacted in Filings with the Court.  Please Print or Type.**

| | |
|---|---|
| **Return this form by fax, email or mail to:** | **Nichols Kaster, PLLP, Attn: Matthew C. Helland**<br>**Fax: (612) 215-6870**<br>**Email: forms@nka.com**<br>**Address: 4600 IDS Center, 80 S. 8th Street, Minneapolis, MN 55402**<br>**Web:  www.nka.com** |