UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAG BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>QUANTCAST CORP.,<br><br>    Defendant. | Case No. 19-cv-05773-EMC<br><br>**ORDER RE SUPPLEMENTAL BRIEFING AND/OR EVIDENCE**<br><br>Docket No. 64 |

The Court has reviewed the parties' joint motion for approval of the nine individual settlements. Having considered the papers and accompanying submissions, the Court hereby orders the parties to provide supplemental briefing and/or evidence on the following. **The briefing and/or evidence shall be filed within one week of the date of this order.** The Court strongly prefers a joint filing from the parties. If there are issues where the parties have a difference of opinion, they may simply state what each party's position is in the joint filing. Similarly, if only one party need provide its views, then the joint filing may so indicate.

- How many individuals are in the putative collective or class? *See* Compl. ¶ 38 (defining the collective); Compl. ¶ 52 (defining the class).
- From the perspective of each individual Plaintiff, what was the maximum value of his or her case, and how was that value calculated?
- What information was considered in calculating the individual settlements? Quantcast has indicated that the "settlement terms were negotiated in part based on the compensation and benefits of the individual Plaintiffs," Docket No. 65 (Mot. at 1), but additional information would be helpful. For instance, presumably, the

parties considered records (to the extent available) reflecting hours of overtime that were worked. If records were not available, why not and how did the parties compensate for that (*e.g.*, were estimates made)?

- The release given by each individual Plaintiff indicates that it extends to PAGA claims. The parties shall clarify the release as it relates to PAGA. For example, it appears – but it is not entirely clear – that the release simply precludes each individual Plaintiff from bringing a PAGA claim (including but not limited to one predicated on overtime); the release would not bar a nonsettling individual from bringing a PAGA claim based on, *e.g.*, overtime.

- Quantcast also released claims it had or might have against the individual Plaintiffs. What kind of claims were these (*e.g.*, breach of the severance agreement)?

- Presumably, the class claim (§ 17200) will be dismissed without prejudice. This Court has previously held that a dismissal of a class claim without prejudice is still given some scrutiny under *Diaz v. Trust Territory of Pacific Islands*, 876 F.2d 1401 (9th Cir. 1989). *See Scott v. Comcast Cable Comms. Mgmt., LLC*, No. 16-cv-06869-EMC, 2018 U.S. Dist. LEXIS 6914 (N.D. Cal. Jan. 16, 2018). The parties shall address the *Diaz* factors. This shall include a description of all publicity concerning this case and its filing.

**IT IS SO ORDERED**.

Dated: May 6, 2021

_____
EDWARD M. CHEN
United States District Judge

2